Pearson, C. J.
 

 I fully concur in the opinion that the prisoner is entitled to a
 
 venire de novo.
 

 His Honor erred in not explaining to the jury the difference between a forcible trespass and robbery, to which his attention was called by the prisoner’s counsel. I believe the prisoner was convicted of robbery because the jury did not understand the difference between the two offences. Forcible-
 
 *157
 
 trespass is the taking by force the personal property of another. Robbery is the
 
 fraudulent
 
 taking by force the personal property of another.
 

 There can be no doubt as to the force; for, although the prisoner told the good woman that she need not be alarmed, still there was the show of force, the multitude of men with arms; and we learn from Foster that the party need not be “ put in fear.” If one takes the personal property of another, with intent to appropriate it to his own use slyly, with stealth, showing an intention not to let the owner know that it is taken or who took it, he steals; if he takes it forcibly, with an intent to appropriate it to his own use, but does it openly and above-board, he commits a forcible trespass; but if, besides this, the taking is done in such a manner as to show an intent to defraud the owner, by concealing from him who took it, so that he shall not know what has become of his property, and against whom to bring his action to «recover it, or damages for the taking, and an intent to elude public justice. This constitutes the
 
 animus furandi,
 
 and it is robbery. These are plain distinctions to be deduced from the books. See Foster’s C. L., 123, 128, 129, A.
 

 In this case there is no evidence that the prisoner endeavored to conceal from the owner what had become of his; sword, or who had taken it; so he knew against whom to. bring his action and to direct the arm of public justice.. If the party had gone there disguised, for instance blacked like negroes or having masks on, that would have been-pregnant proof of an intent to defraud, or if they had demanded and taken money, or clothes, or jewelry, or articles, of like kind, that would have tended to give complexion to the act; but they merely, in the day time, demanded the gun, pistol and sword, and took the sword and went off with it and have staid in the same neighborhood until this time, it shows that their purpose was simply to disarm one whom
 
 *158
 
 they thought might be dangerous to their cause, if allowed to keep arms. So it seems to me there was no ingredient of robbery except the force; in other words, there was no fraudulent felonious taking, with an intent to appropriate
 
 “ cama Uteri,”
 
 no
 
 animus furandi,
 
 and the prisoner was entitled to full instructions upon the law; more especially, as in these evil times the distinction between these offences has been very generally confounded in the newspapers, and in ordinary parlance.
 

 The fact of demanding liquor and taking a drink does not jn my opinion affect the case much in one way or the other, and only tends to show the careless state of the country.
 

 Per Curiam.
 
 Venire de novo.